# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1158 | **DATE** | 9/17/2004 |
| **CASE TITLE** | LaSalle National Bank vs. The City of Chicago, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: The Court GRANTS Defendants' Motion to Dismiss. This case is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | SEP 2 0 2004 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | |
| ✓ | Mail AO 450 form. | | | rbf | | |
| | Copy to judge/magistrate judge. | | | docketing deputy initials | | |
| WAP | courtroom deputy's initials | | | date mailed notice | | |

U.S. DISTRICT COURT

2004 SEP 17 PM 3:12

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 1 7 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

LaSALLE NATIONAL BANK of
CHICAGO, Trustee under Trust
Agreement No. 10_034895, dated
January 17, 1975, and LINCOLN
MOTEL, a Limited Partnership,

DOCKETED
SEP 2 0 2004

                Plaintiffs,

         v.

THE CITY OF CHICAGO, RICHARD
DALEY, individually and in his
official capacity as a Mayor
of the City of Chicago,
OFFICER CAIN and his PARTNER,
and other UNKNOWN OFFICERS of
the Police Department of the
City of Chicago,

                Defendants.

Case No. 04 C 1158

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiffs LaSalle National Bank of Chicago (hereinafter, "LaSalle") and Lincoln Motel, the legal owners and operators of the "Lincoln Motel," (the "Motel") filed this suit for violations of the Fourth and Fourteenth Amendment. The Defendants are The City of Chicago, Mayor Richard Daley, Officer Cain, Officer Cain's Partner, and other unknown officers of the Chicago Police Department (the officers collectively, "Officers"). Plaintiffs allege that for the past two years, Officers have been harassing Plaintiffs' patrons and employees by making wrongful stops and



interrogations of such individuals in the Motel parking lot, registration office and guest rooms. Plaintiffs contend that the Officers' unlawful activities have resulted in reputational harm, revenue loss, and embarrassment to questioned persons, and that such Officers' conduct violates the Fourth and Fourteenth Amendments. Plaintiffs seek injunctive relief and other relief the Court deems proper. Defendants have filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted with respect to Defendant Daley. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff LaSalle is the trustee of a Trust Agreement and is the legal owner of the property on which the Motel resides. Plaintiff Lincoln Motel is the beneficiary of the trust and owns and operates the Motel. For the past two years, Plaintiffs contend that Officers have entered the premises of the Motel on several occasions to stop and question guests and employees in the Motel parking lot, guest rooms and registration office without a warrant or reasonable cause. As a result of such conduct, Plaintiffs claim that many persons questioned by the Officers terminated the rental of their rooms and left the premises, and other potential patrons did not rent rooms.

- 2 -

Plaintiffs filed this action alleging that the Defendants, through the Officers' conduct, violated the Fourth Amendment constitutional rights of their guests, potential guests and employees, and alternatively, that the Defendants violated Plaintiffs' own Fourteenth Amendment rights. Plaintiffs seek a permanent injunction barring the Officers from harassing or otherwise making unlawful stops and interrogations of the Motel's patrons and employees and such other relief that the Court deems proper.

Defendants filed the Motion pursuant to FED. R. CIV. P. 12(b)(1), arguing that Plaintiffs do not have standing to bring suit because Plaintiffs do not allege that Defendants violated Plaintiffs' Fourth Amendment rights. Defendants also seek to dismiss Mayor Daley on FED. R. CIV. P. 12(b)(6) grounds because Plaintiffs have made no factual or legal allegations that Daley violated the Plaintiffs' constitutional rights, and because he is a redundant party.

## II. **LEGAL STANDARD**

When considering a FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). In cases where a party challenges the existence of

subject matter jurisdiction, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter exists." Capital Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett& Assoc., 62 F.3d 967, 972 (7th Cir. 1995). The district court shall only dismiss a complaint under Rule 12(b)(6) if it is beyond doubt that the plaintiff can prove no facts that would entitle him to relief. Id.

### III.  DISCUSSION

### A.  Defendants' Rule 12(b)(1) Motion to Dismiss

#### 1.  Fourth Amendment

Defendants contend that Plaintiffs lack standing because the Fourth Amendment claim is based upon the alleged violation of the rights of guests, potential guests and employees, rather than Plaintiffs' own Fourth Amendment rights. Defendants cite Supreme Court authority holding that Fourth Amendment rights are personal in nature, and that generally such rights cannot be asserted on behalf of third parties. See Rakas et al v. Illinois, 439 U.S. 128, 139-40 (1978); Singleton v. Wulff, 428 U.S. 106, 107 (1976);

- 4 -

Alderman v. United States, 392 U.S. 165, 174 (1969). Defendants also contend that Plaintiffs do not have a personal reasonable expectation of privacy in any of the three areas where Officers purportedly conducted the unlawful conduct.

Plaintiffs attempt to distinguish Rakas and the other cases cited by Defendants on the grounds that such cases dealt with the "vicarious advantage of Fourth Amendment harm to another (by seeking, for example, to suppress evidence, obtain money damages for themselves, etc.) versus a party who seeks to act as a surrogate to assert the right of another for the advantage of the other," and on the grounds that they seek injunctive relief rather than money damages (Pls. Mem. Opp. To Mot., at p.6).

Plaintiffs claim that they have standing to proceed on their Fourth Amendment claim because they are acting as "surrogates" to "enforce the Fourth Amendment rights of the[ir] guests and employees to protect these guest and employees from the unconstitutional conduct of defendant police officers, conduct which is causing specific harm to plaintiffs." Id. Plaintiffs contend that as a motel-innkeeper, they bear a special relationship to its guests and employees which is "more than adequate to give them surrogate standing." Id. at 9. In support of their contention, Plaintiffs cite several cases regarding the special duty of care that motel-operators have to protect their guests from physical harm on motel premises. See, e.g., Wassell v. Adams, 865

- 5 -

F.3d 849, 854 (7th Cir. 1989). The Court finds Plaintiffs'
arguments unpersuasive. The Court notes that the cases cited are
not on point in this case and do not extend the special duty of
care to constitutional challenges.

Plaintiffs contend that there is a "surrogate standing"
exception to the general rule disallowing standing on behalf of
third parties in Fourth Amendment claims, principally relying upon
Hang On v. City of Arlington, 65 F.3d 1248 (5th Cir. 1995). The
Court finds that this case, which deals with a First Amendment
challenge to a no-touching ordinance, as well as the others cited
by Plaintiff are distinguishable. In holding that the bar owner
had standing to challenge the ordinance, the Fifth Circuit
recognizing the close relationship of the parties in the case and
the practical difficulties that nude dancers and bar patrons could
encounter in asserting their own First Amendment challenge to the
ordinance. See id. at 1252. The Fifth Circuit also recognized
that the facts of the case put it in a distinct exception to the
"general rule prohibiting such surrogate claims." Id. at 1251, and
noted that such general rule "is prudential." Id.

As discussed, the Supreme Court has ruled that Fourth
Amendment rights are personal in nature. See Rakas et al v.
Illinois, 439 U.S. 128, 139-40 (1978). The narrow "surrogate
standing" exception in the cases cited by Plaintiffs does not exist
here: there is no evidence that the patrons or employees would

have a difficult or impractical time asserting the Fourth Amendment claims themselves if such persons believed a Fourth Amendment violation occurred. Indeed, the persons with the greatest interest, and, presumably, willingness to assert such violations would be the harassed patrons and employees themselves. Further, there is no evidence that the Motel had a significantly close relationship with its patrons, potential patrons and employees to justify Plaintiffs' having standing to assert third party Fourth Amendment claims. Accordingly, the Court grants Defendants' Motion To Dismiss as to Plaintiff's Fourth Amendment claim.

## 2. Fourteenth Amendment

In the alternative, Plaintiffs "state that their own Fourteenth Amendment rights have been, and are being violated by the unconstitutional misconduct of defendant police officers . . . In other words, plaintiffs are being deprived of their property in violation of their substantive due process rights." (Pls. Mem. In Opp., at p. 15).

It is unclear whether Plaintiffs have even raised an independent Fourteenth Amendment challenge to the Officers' conduct on behalf of their own rights in the Complaint. In the violation of rights segment of the Complaint, the Plaintiffs merely state that "[t]he Fourth Amendment is made applicable to the defendant police officers and the other defendants pursuant to the Fourteenth Amendment to the Constitution of the United States." (Complaint,

at ¶ 14).  Further, The Court notes that Plaintiffs have not invoked or even mentioned 42 U.S.C. § 1983 in their Complaint or Supporting Memorandum.

The State of Illinois provides various state law remedies to address interferences with business, such as the cause of action for tortious interference with business expectancy.  The Supreme Court has previously stated "some questions of property, contract, and tort laws are best resolved by state legal systems without resort to the federal court, even when a state actor is the alleged wrongdoer."  Albright v. Oliver, 510 U.S. 266, 284, 114 S.Ct. 807, 818 (1994), explaining Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L.Ed.2d 393 (1984)).  The Supreme Court further elaborated, "the Parratt principle respects the delicate balance between state and federal courts and comports with the design of § 1983, a statue that reinforces a legal tradition in which protection for persons and their rights is afforded by the common law and the law of the States, as well as by the Constitution."  Albright, 510 U.S. at 284, 114 S. Ct at 818-19 (citing Parratt, 451 U.S. at 531-32, 101 S. Ct. at 1910-1911).  Accordingly, given Supreme Court precedent and the state law remedy, Plaintiffs Fourteenth Amendment claim, if it has even been raised as a separate claim in the Complaint, need not be invoked in this case. Thus, the Court also grants Defendants' Motion to Dismiss as to Plaintiffs' alternative Fourteenth Amendment claim.

**B. Defendants' Rule 12(b)(6) Motion to Dismiss Mayor Daley**

Defendants also seek to have Defendant Mayor Daley dismissed on FED. R. CIV. P. 12(b)(6) grounds because Plaintiffs did not assert any allegations or facts that Mayor Daley has by his own conduct caused or participated in the alleged constitutional violations. Additionally, Defendants contend that Mayor Daley is a redundant party because Plaintiffs have also named the City of Chicago as a Defendant in the suit. Although the Court agrees with Defendants, the Court need not reach this issue due to its disposition of Defendants' Motion to Dismiss on FED. R. CIV. P. 12(b)(1) grounds.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. This case is dismissed in its entirety.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: September 17, 2004